erty right in the plaintiff. See *Wabash Rd. Co.* v. *Defiance,* 52 Ohio St., 262, 40 N. E., 89; *Heddleston* v. *Hendricks,* 52 Ohio St., 460, 40 N. E., 408.

The injunction will be denied, and plaintiff's petition dismissed at his costs.

*Petition dismissed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.

---

THE JEBB REALTY SERVICE CO. *v.* McINTOSH.

*Receivers—Appointment may be made upon supplemental petition or motion, when—Grounds for appointment governed by statute—Receiver cannot be appointed in action for money only, when—Section 11894, General Code—Appointment not authorized where writ of attachment available.*

1. Although petition may not ask for appointment of a receiver, request therefor may be made either by a supplemental petition or by a motion with proper notice and affidavit.
2. The appointment of a receiver is statutory, and one can only be appointed in cases where the statute authorizes it.
3. Under Section 11894, General Code, a receiver cannot be appointed in an action for money only, where there is no prayer for equitable relief.
4. In action against a corporation to recover a money judgment, court under Section 11894, General Code, was unauthorized to appoint a receiver to take possession of defendant's assets, consisting only of accounts due, where plaintiff's legal remedy, if defendant attempted to do away with its property, was by attachment.

(Decided November 8, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Turney & Sipe,* for plaintiff in error.
*Mr. Ralph Stickle,* for defendant in error.

VICKERY, J.   This cause comes into this court on
a petition in error to the common pleas court of
Cuyahoga county.

In the court below Charles McIntosh brought a
suit to recover money against the Jebb Realty Serv-
ice Corporation and asked for a money judgment
in the sum of three thousand dollars.   On the same
day, on motion supported by affidavit, a receiver
was appointed to take possession of all the assets
of the Jebb Realty Service Corporation, consisting
entirely of accounts due.

It appears that Jebb was the only man that put
any money in this corporation, that he was the
owner of it, and that the parties who manipulated
it and ran it were mere nominal stockholders, and
upon the appointment of a receiver Jebb had him-
self made a party, and objected to the appointment
of a receiver, and asked to have the receiver re-
moved.   His request not being granted and the rul-
ing being against him, he prosecutes error to this
court.

The sole ground for error in this court is that the
court below had no power to appoint the receiver.
The argument of counsel is that inasmuch as the
plaintiff in his petition did not ask for a receiver,
he could not do so by motion, even though the mo-
tion was supported by proper affidavit.   We do not
agree with counsel on this proposition.   A petition
may not ask for the appointment of a receiver,
but after the suit is started things may come to
the knowledge of the plaintiff that would warrant

his asking for a receiver. That may be done either by a supplemental petition or by a motion with proper notice and an affidavit.

However, we think the case must be reversed, not for the reason given by counsel for plaintiff in error, but for a deeper reason. The appointment of receivers is statutory, and they can only be appointed in cases where the statute authorizes such an appointment. It will be noticed that the petition is a petition for money only. There is no equitable relief claimed in any shape whatever. Now, under our statute (General Code, Section 11894), you cannot appoint a receiver in such a case as this. In case it should come to the knowledge of the plaintiff that the fruits of any judgment that he might obtain in the pending litigation might not avail because of a "doing away with" the property, there is a legal remedy provided; that is, he could go into court and file an affidavit for an attachment, that is, if he sets up one of the grounds upon which the statute authorizes the issuance of an attachment process, then he could, by giving bond, sequester and tie up the property and make it available for payment of the judgment, if he should get one.

This is a legal remedy, and exists without going into a court of equity, and where there has been no equitable relief asked the court is not justified in appointing a receiver, nor would it be justified in making use of the power to appoint receivers to accomplish what should have been accomplished by a writ of attachment.

In the instant case there was no equitable relief asked, and, therefore, the appointment of a receiver

on that petition was not within the power of the court.

To substantiate this we quote the seventh proposition of the syllabus in *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Duckworth*, 2 C. C., 518, 1 C. D., 618, as follows:

"The appointment of a receiver is merely a provisional remedy, ancillary and auxiliary to the main action, and can only be made in an action brought to obtain some other equitable relief which the court has the right to grant, and where it appears to be necessary to make such appointment in order to preserve the property during the litigation, so that the relief awarded by the final judgment, if any, may be effective."

There are other authorities to this same effect, and they follow the statute absolutely.

We think, therefore, that the appointment of a receiver in the instant case was beyond the power of the court, and, the court having committed error in appointing a receiver, the cause is reversed and remanded to the common pleas court.

*Judgment reversed and cause remanded.*

Levine, P. J., and Sullivan, J., concur.